**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1762
_____

DANIEL ARTHUR HELEVA,
Appellant

v.

FAITH WALTER, Mailroom Supervisor;
D. HINE, Mailroom Employee;
KATHY BRITTEN, SCI Frackville Superintendent;
DORINA VARNER, Chief Grievance Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:20-cv-01983)
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2022
Before:  KRAUSE, MATEY, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 25, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Daniel Arthur Heleva, an inmate at State Correctional Institution – Frackville proceeding pro se and in forma pauperis, appeals from the District Court's order granting summary judgment in favor of defendants. We will summarily affirm.

I.

In October 2020, Heleva filed a civil rights action challenging the prison's handling of his legal mail. Specifically, Heleva alleged that, on December 31, 2018, he placed a package of legal mail, addressed to a court, into the prison mailbox. The mailroom staff did not post it and, instead, returned it to Heleva with a note explaining, "If you want tracking on you[r] envelope you would have to send it out by priority or certified return receipt," and listing the postage costs for priority and certified mail. See ECF No. 30–3; ECF No. 34.[1] According to Heleva, the mailroom's refusal to mail his package, and the unavailability of a free mail tracking service in general, interfered with his ability to correspond with the court and violated his First Amendment rights. Heleva moved for sanctions on defendants, which the District Court denied. Heleva and defendants each moved for summary judgment, which the District Court granted in favor of defendants. Heleva now appeals.

II.

---

[1] This was the second time Heleva experienced an issue obtaining mail tracking. About ten days earlier, he submitted a different packet of legal mail to the mailroom with a request for tracking. That packet was mailed, but he received a note from the mailroom explaining that he would not receive a tracking number for it.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of a motion for summary judgment de novo. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### III.

Prisoners retain a right of meaningful access to the courts under the First and Fourteenth Amendments. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). To establish an access-to-courts claim, a prisoner must demonstrate: (1) an "actual injury" (i.e., a lost opportunity to pursue a nonfrivolous or arguable underlying claim); and (2) there is no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. Monroe, 536 F.3d at 205.

We agree with the District Court's conclusion that Heleva failed to show a genuine issue of material fact regarding his access-to-courts claim, as he does not provide any indication that the prison's handling of his mail thwarted his ability to litigate a claim. Id. After the mailroom returned his package with the explanation about tracking,

3

Heleva mailed it to a family member, who forwarded it to the court with tracking.[2]

Because Heleva did not lose the opportunity to pursue his underlying claim, he failed to show an "actual injury," and therefore the District Court properly granted summary judgment in defendants' favor.[3]

To the extent that Heleva argues that his claim is best construed as a First Amendment mail tampering claim, rather than an access-to-courts claim, it still lacks merit. Heleva is correct that prisoners retain their First Amendment right to use of the mail. Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006). However, the prison's return of one package does not amount to unconstitutional censorship, particularly considering that the prison did not refuse to mail it, but instead returned it to Heleva's care with a note explaining various mail options that could be selected upon its resubmission. See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995) (declining to find that a single instance of damaged mail rises to the level of constitutionally impermissible censorship) (cleaned up), abrogated on other grounds by Lewis, 518 U.S. at 351. The record reflects that Heleva continues to use the mail despite this incident and has not experienced any further issues, save for the lack of free mail tracking. See ECF Nos. 30–1, p. 11; ECF No. 34, p. 4.

---

[2] Had Heleva wanted to send the package directly to the court with tracking, that service was available via certified or priority mail. In any case, it appears that the package was ultimately mailed to its destination. See ECF No. 30–1, p. 10 and No. 35, p. 21.

[3] Moreover, regarding defendants Dorina Varner and Kathy Britten specifically, the District Court properly found no genuine issue of material fact regarding their personal involvement in the handling of Heleva's package, as Heleva alleged only their supervisory authority and/or participation in the grievance process. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988).

To the extent that Heleva challenges the prison's general refusal to provide free mail tracking, this claim is also unavailing. While prisoners retain a First Amendment right to use the mail, there is no right to *subsidized* mail, Reynolds v. Wagner, 128 F.3d 166, 183 (3d Cir. 1997), nor is there a right to subsidized mail tracking. The Department of Corrections provides for inmates' most basic needs, but inmates must pay for access to additional products and services. See Montanez v. Sec'y Pa. Dep't of Corr., 773 F.3d 472, 476 (3d Cir. 2014).[4]

Finally, Heleva challenges the District Court's denial of his motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Heleva moved for sanctions against defendants for failing to serve copies of the order granting defendants' motion for deposition and defendants' brief in opposition to Heleva's motion for summary judgment; failing to conduct depositions within the discovery window; failing to answer Heleva's discovery requests; and failing to engage in arbitration or settlement discussions. We review a ruling on a motion for Rule 11 sanctions for abuse of discretion. See Gary v. Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). "Sanctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Acct., 618 F.3d 277, 297 (3d Cir. 2010)

---

[4] The District Court rejected any argument premised on 18 U.S.C. § 1726 on the grounds that it did not provide a basis for civil liability. However, in his "brief," treated as a document in support of appeal, Heleva indicates that he "never claimed his cause of action had anything to do with Title 18 USC § 1762 [sic] or any other criminal acts." See 3d Cir. ECF No. 10, p. 10.

5

(quotation marks omitted). The District Court acted well within its discretion in denying the motion for sanctions, given its conclusions that Heleva received and responded to defendants' motion for deposition, received and responded to defendants' opposition brief, was deposed before the close of discovery, and received answers to his interrogatories.

IV.

Accordingly, we will affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.